## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE STATE OF LOUISIANA | * | CIVIL ACTION NO.: 3:23-cv-00302-JWD- |
| | * | SDJ |
| PLAINTIFF | * | |
| VERSUS | * | JUDGE: John W. deGravelles |
| | * | |
| SANOFI-AVENTIS U.S. LLC, ET AL., | * | |
| | * | MAGISTRATE JUDGE: Scott D. Johnson |
| DEFENDANTS | * | |
| | * | JURY TRIAL REQUESTED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT EXPRESS SCRIPTS ADMINISTRATORS LLC'S ANSWER TO AMENDED PETITION

Defendant Express Scripts Administrators LLC ("Express Scripts"), by and through counsel, hereby submits this Answer to the Amended Petition filed by the State of Louisiana.

## PRELIMINARY STATEMENT

Many of Plaintiff's allegations are directed towards the "PBM Defendants" collectively. Unless otherwise specifically admitted or denied, for all allegations directed at PBM Defendants, Express Scripts' specific response to an allegation relates only to the portion of the allegation directed towards Express Scripts, and Express Scripts states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed toward the PBM Defendants other than Express Scripts (*i.e.*, Defendants CVS Health Corporation and OptumRx, Inc.).

## GENERAL DENIAL

Any allegation in the Amended Petition not expressly admitted herein is denied.  This general denial applies to all allegations in the Amended Petition, including any allegations deemed to be included in unnumbered paragraphs, headings, footnotes, figures, exhibits, appendices and the prayer for relief.  Any response to an allegation should not be construed as a concession that an allegation is factual in nature instead of a legal conclusion, or vice-versa.

1

Express Scripts generally denies that Plaintiff can meet its burden of proof as to any element of any of its claims, that Plaintiff has suffered any injury, and that Plaintiff is entitled to any relief whatsoever, including the recovery of any attorney's fees or costs.

## ANSWER

## INTRODUCTION

1.     Express Scripts admits that a substantial number of individuals have diabetes. Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.[1,2]

2.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.[3]

3.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 5.[4]

---

[1] Footnote 1 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 1.

[2] Footnote 2 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 2.

[3] Footnote 3 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 3.

[4] Footnote 4 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 4.

6.      Express Scripts denies the allegations in Paragraph 6.

7.      Express Scripts denies the allegations in Paragraph 7.

8.      Express Scripts denies the allegations in Paragraph 8.

## NATURE OF THE ACTION

9.      This paragraph purports to characterize the nature of Plaintiff's causes of action and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 9.

10.     This paragraph purports to characterize the role of the government and the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 10.[5,6]

11.     This paragraph purports to characterize the statutory authority of the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 11.[7,8,9,10]

---

[5] Footnote 5 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 5.

[6] Footnote 6 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 6.

[7] Footnote 7 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 7.

[8] Footnote 8 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 8.

[9] Footnote 9 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 9.

[10] Footnote 10 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 10.

12.    This paragraph purports to characterize the statutory authority of the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 12.

13.    This paragraph purports to characterize the statutory authority of the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 13.

14.    This paragraph purports to characterize the statutory authority of the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 14.

## **PARTIES**

15.    Express Scripts denies the allegations in Paragraph 15.

16.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    Paragraph 18 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 18.[11]

---

[11] Footnote 11 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 11.

19.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Paragraph 21 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 21.

22.     Express Scripts admits that Express Scripts Administrators, LLC is organized under Delaware law and that it is registered as a foreign Limited Liability Company with the Secretary of State of Louisiana. Express Scripts further admits that Express Scripts Administrators, LLC was formerly known as Medco Health, L.L.C. Express Scripts further admits that Express Scripts Administrators, LLC is registered to do business in Louisiana.  The remaining allegations in Paragraph 22 are denied.

23.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.[12]

24.     The allegations in Paragraph 24 are not directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 24.

25.     Express Scripts denies the allegations in Paragraph 25.

---

[12] Footnote 12 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 12.

## JURISDICTION AND VENUE

26.     Express Scripts denies the allegations in Paragraph 26.

27.     Express Scripts denies the allegations in Paragraph 27.

28.     Express Scripts denies the allegations in Paragraph 28.

## FACTUAL BACKGROUND

**A.      Diabetes and Insulin Therapy**

*Diabetes: A Growing Epidemic*

29.     The allegations in Paragraph 29 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

*Insulin: A Century-Old Drug*

35.     The allegations in Paragraph 35 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts admits that diabetes generally can be treated and controlled with a treatment plan, and that diabetes can be fatal. Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts admits that certain treatments for diabetes have been available for almost a century. Express Scripts lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36.

37.     The allegations in Paragraph 37 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

### *Current Insulin Landscape*

46.     The allegations in Paragraph 46 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts states it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

### *Insulin Adjuncts: Type 2 Medications*

58.     The allegations in Paragraph 58 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts admits that certain Manufacturer Defendants have released non-insulin medications marketed as controlling the level of insulin in diabetics. Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58.

59.     Express Scripts admits that Plaintiff asserts that the diabetes medications included in Figure 1 are "at issue" in the lawsuit, but otherwise deny the allegations in Paragraph 59.[13]

**B.     The Dramatic Rise in the Price of Diabetes Medications**

60.     Express Scripts denies the allegations in Paragraph 60.

---

[13] Footnote 13 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 13.

61.     Express Scripts denies the allegations in Paragraph 61.

62.     Express Scripts denies the allegations in Paragraph 62.

63.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Express Scripts denies the allegations in Paragraph 68.

69.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73. Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74. Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. Express Scripts denies the allegations in Paragraph 76.

**C.      Insulin Costs and the Pharmaceutical Payment and Supply Chain**

*Overview: The Prescription Drug Payment and Supply Chain*

77. Express Scripts admits that drug manufacturers, wholesalers, pharmacies, health plans/third party payors, pharmacy benefit managers and patient-consumers, among others, participate in the purchase, sale, or distribution of prescription drugs in different capacities. Express Scripts denies the remaining allegations in Paragraph 77.

78. Express Scripts denies the allegations in Paragraph 78.

79. Express Scripts denies the allegations in Paragraph 79.

80. Express Scripts admits that drug manufacturers publish a Wholesale Acquisition Costs ("WAC"), which is defined by 42 U.S.C. § 1395w-3a(c)(6)(B), and Average Wholesale Price ("AWP") for brand drugs. The remaining allegations in Paragraph 80 are denied.

81. Express Scripts denies the allegations in Paragraph 81.

82. Express admits that AWP is used in certain contexts in connection with drug pricing. The remaining allegations in Paragraph 82 are denied.

*PBM's Role in the Pharmaceutical Payment Chain*

83. Express Scripts denies the allegations in Paragraph 83.

84. Express Scripts denies the allegations in Paragraph 84.

85. Express Scripts admits that its affiliates offer a variety of formulary products for its health plan clients while the ultimate formulary and tiering decisions are made by the clients themselves. Express Scripts denies the remaining allegations in Paragraph 85.

86. Express Scripts denies the allegations in Paragraph 86.

87. Express Scripts admits that it strives to drive down prices for diabetes medications. The remainder of the allegations in Paragraph 87 are denied.

88. Express Scripts admits that its affiliate contracts with retail pharmacies for certain purposes, and that the affiliate typically agrees to pay pharmacies for drugs dispensed pursuant to those contracts. The remaining allegations in Paragraph 88 are denied.

89. Express Scripts admits that it has affiliates that are mail-order and specialty pharmacies. Express Scripts denies the remaining allegations in Paragraph 89.

90. Express Scripts denies the allegations in Paragraph 90.

91. Express Scripts denies the allegations in Paragraph 91.

92. Express Scripts admits that it has affiliates who contract with certain pharmaceutical manufacturers, including the Manufacturer Defendants, for, *inter alia*, rebates, discounts, and fees. Express Scripts denies the remaining allegations in Paragraph 92.

93. Express Scripts denies the allegations in Paragraph 93.

94. Express Scripts denies the allegations in Paragraph 94.

95. Express Scripts denies the allegations in Paragraph 95.

96.     Express Scripts denies the allegations in Paragraph 96.

97.     Express Scripts denies the allegations in Paragraph 97.

98.     Express Scripts admits that Express Scripts Holding Company merged with Cigna Corporation, and that the deal was valued at approximately $67 billion.  The remaining allegations in Paragraph 98 are denied.

99.     Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100.    Express Scripts denies the allegations in Paragraph 100.

### *The Insulin Pricing Scheme*

101.    Express Scripts denies the allegations in Paragraph 101.

102.    Express Scripts admits that biosimilar options for diabetes medications have been limited. Express Scripts denies the remaining allegations in Paragraph 102.

103.    Express Scripts denies the allegations in Paragraph 103.

104.    Express Scripts denies the allegations in Paragraph 104.

105.    Express Scripts denies the allegations in Paragraph 105.

106.    Express Scripts denies the allegations in Paragraph 106.

107.    Express Scripts denies the allegations in Paragraph 107.

108.    Express Scripts denies the allegations in Paragraph 108.

109.    Express Scripts denies the allegations in Paragraph 109.

110.    Express Scripts denies the allegations in Paragraph 110.

111.    Express Scripts denies the allegations in Paragraph 111.

112.    Express Scripts denies the allegations in Paragraph 112.

113.    Express Scripts denies the allegations in Paragraph 113.

114.    Express Scripts denies the allegations in Paragraph 114.

115.    Express Scripts denies the allegations in Paragraph 115.

116.    Express Scripts denies the allegations in Paragraph 116.

117.    Express Scripts denies the allegations in Paragraph 117.

118.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    Express Scripts denies the allegations in Paragraph 120.

121.    Express Scripts denies the allegations in Paragraph 121.

122.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.

124.    Express Scripts denies the allegations in Paragraph 124.

**D.      Manufacturer Defendants Admit to Insulin Pricing Scheme and Its Harm**

125.    Express Scripts admits that the United States House of Representatives Committee on Energy and Commerce held a hearing entitled, "Priced Out Of A Lifesaving Drug: Getting

Answers on the Rising Cost of Insulin" on April 10, 2019. Express Scripts denies the remaining allegations in Paragraph 125.

126.    Express Scripts denies the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 purport to quote testimony from a Congressional hearing; such testimony speaks for itself. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 127.

128.    Express Scripts denies the allegations in Paragraph 128.

129.    Express Scripts denies the allegations in Paragraph 129.

130.    Express Scripts admits that Novo Nordisk's President, Doug Langa, testified at an April 2019 Congressional Hearing and admits that Sanofi's Executive Vice President for External Affairs, Kathleen Tregoning, testified at the same hearing.  Express Scripts denies the remaining allegations in Paragraph 130.

131.    Express Scripts admits that Amy Bricker testified at an April 2019 Congressional hearing. The remaining allegations in Paragraph 131 are denied.

132.    Express Scripts denies the allegations in Paragraph 132.

133.    Express Scripts admits that Manufacturer Defendants are solely responsible for their reported price increases. Express Scripts denies the remaining allegations in Paragraph 133.

134.    Express Scripts denies the allegations in Paragraph 134.

135.    Express Scripts denies the allegations in Paragraph 135.

136.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.

137.    Express Scripts admits the Senate Finance Committee published a report titled Insulin: Examining the Factors Driving the Rising Cost of a Century Old Drug in January 2021. That report speaks for itself. Express Scripts denies the remaining allegations in Paragraph 137.

138.    Express Scripts denies the allegations in Paragraph 138.

**E.      The Effects of Illegal Insulin Pricing**

139.    Express Scripts denies the allegations in Paragraph 139.

140.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141.    Express Scripts denies the allegations in Paragraph 141.

142.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143.

144.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144.

145.    Express Scripts denies the allegations in Paragraph 145.

146.    Express Scripts denies the allegations in Paragraph 146.

147.    Express Scripts denies the allegations in Paragraph 147.

148.    Express Scripts denies the allegations in Paragraph 148.

149.    Express Scripts denies the allegations in Paragraph 149.

150.    Express Scripts denies the allegations in Paragraph 150.

151.    Express Scripts denies the allegations in Paragraph 151.

152.    Express Scripts denies the allegations in Paragraph 152.

153.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.

154.    Express Scripts denies the allegations in Paragraph 154.

155.    Express Scripts denies the allegations in Paragraph 155.

156.    Express Scripts denies the allegations in Paragraph 156.

157.    Express Scripts denies the allegations in Paragraph 157.

158.    Express Scripts denies the allegations in Paragraph 158.

159.    Express Scripts denies the allegations in Paragraph 159.

160.    Express Scripts denies the allegations in Paragraph 160.

161.    Express Scripts denies the allegations in Paragraph 161.

162.    Express Scripts denies the allegations in Paragraph 162.

163.    Express Scripts denies the allegations in Paragraph 163.

164.    Express Scripts denies the allegations in Paragraph 164.

165.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the State's allegations regarding how the State pays for diabetic drugs.  The remaining allegations in Paragraph 165 are denied.

166.    Express Scripts denies the allegations in Paragraph 166.

167.    Express Scripts denies the allegations in Paragraph 167.

168.    Express Scripts denies the allegations in Paragraph 168.

169.    Express Scripts denies the allegations in Paragraph 169.

170.    Express Scripts denies the allegations in Paragraph 170.

171.    Express Scripts denies the allegations in Paragraph 171.

172.    Express Scripts denies the allegations in Paragraph 172.

173.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.

174.    Express Scripts denies the allegations in Paragraph 174.

175.    Express Scripts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175.

176.    Express Scripts denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 are not directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Paragraph 177.

178.    Express Scripts denies the allegations in Paragraph 178.

## CLAIMS FOR RELIEF

## I.    VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES ACT – ALL DEFENDANTS

179.    Express Scripts incorporates its responses to the allegations contained in the Answer as if fully set forth herein.

180.    Express Scripts denies the allegations in Paragraph 180.

181.    Express Scripts denies the allegations in Paragraph 181.

182.    Express Scripts denies the allegations in Paragraph 182.

183.    Express Scripts denies the allegations in Paragraph 183.

184.    Express Scripts denies the allegations in Paragraph 184.

185.    Express Scripts denies the allegations in Paragraph 185.

186.    Express Scripts denies the allegations in Paragraph 186.

187.    Express Scripts denies the allegations in Paragraph 187.

188.    This paragraph purports to characterize the statutory authority of the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 188.

189.    This paragraph purports to characterize the statutory authority of the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 189.

190.    This paragraph purports to characterize the statutory authority of the Attorney General in Louisiana and does not include factual allegations directed toward Express Scripts. To the extent a response is required, Express Scripts denies the allegations in Paragraph 190.

## II.    VIOLATIONS OF THE MEDICAL ASSISTANCE PROGRAMS INTEGRITY ACT – MANUFACTURER DEFENDANTS, CVS CAREMARK AND EXPRESS SCRIPTS[14]

191.    Express Scripts incorporates its responses to the allegations contained in the Answer as if fully set forth herein.

---

[14] Footnote 14 does not contain allegations of fact directed toward Express Scripts. To the extent a further response is required, Express Scripts denies the allegations in Footnote 14.

192.    Express Scripts denies the allegations in Paragraph 192.

193.    Express Scripts denies the allegations in Paragraph 193.

194.    Express Scripts denies the allegations in Paragraph 194.

195.    Express Scripts denies the allegations in Paragraph 195.

196.    Express Scripts denies the allegations in Paragraph 196.

197.    Express Scripts denies the allegations in Paragraph 197.

198.    Express Scripts denies the allegations in Paragraph 198.

199.    Express Scripts denies the allegations in Paragraph 199.

200.    Express Scripts denies the allegations in Paragraph 200.

## III.    VIOLATIONS OF THE LOUISIANA MONOPOLIES ACT – ALL DEFENDANTS

201.    Express Scripts incorporates its responses to the allegations contained in the Answer as if fully set forth herein.

202.    Express Scripts denies the allegations in Paragraph 202.

203.    Express Scripts denies the allegations in Paragraph 203.

204.    Express Scripts denies the allegations in Paragraph 204.

205.    Express Scripts denies the allegations in Paragraph 205.

206.    Express Scripts denies the allegations in Paragraph 206.

207.    Express Scripts denies the allegations in Paragraph 207.

208.    Express Scripts denies the allegations in Paragraph 208.

**IV.     UNJUST ENRICHMENT – ALL DEFENDANTS**

209.    Express Scripts incorporates its responses to the allegations contained in the Answer as if fully set forth herein.

210.    Express Scripts denies the allegations in Paragraph 210.

211.    Express Scripts denies the allegations in Paragraph 211.

212.    Express Scripts denies the allegations in Paragraph 212.

213.    Express Scripts denies the allegations in Paragraph 213.

214.    Express Scripts denies the allegations in Paragraph 214.

215.    Express Scripts denies the allegations in Paragraph 215.

216.    Express Scripts denies the allegations in Paragraph 216.

## JURY DEMAND

217.    The Plaintiff's jury demand is not an allegation of fact. To the extent a response is required, Express Scripts denies that Plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

The allegations that follow the heading "Prayer for Relief" in the Amended Petition, are not allegations of fact, but are requests for relief to which no response is required. To the extent a response is deemed necessary, Express Scripts denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Express Scripts asserts that Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate damages.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of an obligation to arbitrate the claims.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of the election of remedies doctrine.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of payment.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the existence of a written contract or contracts that govern the subject transactions.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they are subject to Express Scripts' government contractor or preemption defenses.

Respectfully submitted,

/s/: Keith W. McDaniel

Keith W. McDaniel (Bar No. 17992)

**MCCRANIE SISTRUNK ANZELMO HARDY MCDANIEL & WELCH LLC**

195 Greenbriar Blvd, Suite 200

Covington, LA 70433

Tel: (504) 846-8330

Fax: (800) 977-8810

Email: kmcdaniel@mcsalaw.com

-and-

Jason R. Scherr*
Patrick A. Harvey*
Lindsey Levy*
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739-3001

*Attorneys for Express Scripts Administrators, LLC d/b/a/ Express Scripts*

*motion to appear as visiting co-counsel under Local Civil Rule 83(b)(8) forthcoming

## CERTIFICATE OF SERVICE

I, Keith W. McDaniel, hereby certify that on April 19, 2023, I caused a true and correct

copy of the foregoing to be emailed to attorneys for Plaintiff at:

Nicholas J. Diez
Matthew P. Stafford
Medicaid Fraud Control Unit
Michael Dupree
Public Protection Division
1885 North 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel: (225) 326-6400
diezn@ag.louisiana.gov
staffordm@ag.louisiana.gov
dupreem@ag.louisiana.gov
*Attorneys for Plaintiff*

*/s/: Keith W. McDaniel*
Keith W. McDaniel