# Exhibit A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: INSULIN PRICING LITIGATION        MDL No. 3080

**TRANSFER ORDER**

      **Before the Panel:**[*] The litigation before us concerns an alleged scheme between insulin manufacturers and pharmacy benefit managers ("PBMs") to artificially and fraudulently inflate the price of insulin and other diabetes medications. The principal players in the alleged scheme are insulin manufacturers Eli Lilly and Company, Novo Nordisk, Inc., and Sanofi-Aventis U.S., LLC, and three PBMs – CVS Caremark, Express Scripts, Optum Rx, and their various corporate affiliates. From 2017 to 2021, the litigation over these issues was concentrated largely in the District of New Jersey.[1] In the last two years, federal civil actions involving the alleged insulin pricing scheme were filed by Arkansas, Illinois, Mississippi, Montana, and Kansas ("Moving State Plaintiffs"), as well as other state and local government plaintiffs, in a number of other districts. Against this backdrop, the Moving State Plaintiffs have filed a motion under 28 U.S.C. § 1407 to centralize their five actions, as listed on Schedule A, in the Southern District of Mississippi but excluding the four New Jersey Insulin Pricing Actions.[2] Alternatively, they request the District of New Jersey.

      Since the filing of the motion, the Panel has been notified of eight related actions pending in six additional districts.[3] At oral argument, movants stated that they support centralization of potential tag-along actions filed by other governmental plaintiffs.

---

[*] Judge David C. Norton did not participate in the decision of this matter.

   Additionally, one or more Panel members who could be members of the putative classes in the related actions have renounced their participation in these classes and participated in this decision.

[1] *See In re Insulin Pricing Litig.*, No. 17-00699 (D.N.J.) ("Indirect Purchaser Consumer Action"); *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC*, No. 18-02211 (D.N.J.); *Minnesota v. Sanofi-Aventis U.S. LLC*, No. 18-14999 (D.N.J.); and *In re Direct Purchaser Insulin Pricing Litig.*, No. 20-3426 (D.N.J.) (together, "the New Jersey Insulin Pricing Actions").

[2] The actions on the motion assert claims for unjust enrichment and violation of the state plaintiffs' respective state consumer protection statutes. Four of the five actions also assert a claim for civil conspiracy. None asserts antitrust claims.

[3] Six are actions by local governmental entities (*Albany County, Lake County, Jackson County, County of Monmouth, City of Cleveland*, and *Bossier Parish*); one is by a group of independent

All responding defendants oppose centralization. If the actions are centralized over their objections, defendants Eli Lilly, Novo Nordisk, and Sanofi-Aventis request the District of New Jersey and, alternatively, are unopposed to the District of Kansas, while the PBM defendants[4] request the District of Kansas in the first instance. The PBM defendants also assert that, if an MDL is created, it should include all state and county insulin pricing actions. Responding plaintiffs take varying positions. Plaintiffs in four potential tag-along actions (*Albany County*, *Lake County*, *County of Monmouth*, and *City of Cleveland*) support centralization in the District of New Jersey. Plaintiffs in two other potential tag-along actions (*Jackson County* and *Sistema Integrado*) oppose centralization and, in the alternative, request exclusion of their actions. Plaintiff in the *Louisiana* potential tag-along action also requests exclusion of its action, though taking no position on centralization of the other actions. If the actions are centralized, opposing plaintiffs variously suggest the Western District of Missouri, the Southern District of Mississippi, and the District of Puerto Rico as transferee district.[5] Plaintiffs in the New Jersey Indirect Purchaser Consumer Action oppose centralization and, alternatively, request the District of New Jersey as transferee district.

The parties opposing centralization primarily argue that (1) state-specific issues will make centralization inefficient; and (2) informal coordination is a preferable alternative to centralization. With respect to state-specific issues, the parties assert that the state law claims in all actions on the motion and most of the potential tag-along actions differ significantly, and factual differences will arise from the involvement of distinct state governmental agencies and state-funded health insurance plans and programs. These arguments are unpersuasive. First, four of the five actions on the motion allege the same civil conspiracy claim, albeit under different state laws. And the fifth action alleges the existence of the same conspiracy, though not asserting conspiracy as a cause of action. Considering that the alleged conspiracy to fraudulently raise insulin prices is at the heart of all actions, the alleged factual and legal differences implicated by the involvement of distinct state laws and programs do not preclude centralization. We often have held that the assertion of different legal claims or additional facts is not significant where, as here, the actions arise from a common factual core. *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390-91 & n.5 (J.P.M.L. 2014). Moreover, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply

---

physician associations (*Sistema Integrado*); and one is a state *parens patriae* action (*Louisiana*). These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2. We also were notified of two other related actions (*California* and *Puerto Rico*), which recently were remanded to state court and thus are no longer before us.

[4] The responding PBM defendants are CVS Health Corp., CaremarkPCS Health, LLC, Caremark, LLC, Caremark Rx, LLC, CVS Pharmacy, Inc. (together, "CVS Caremark"), Evernorth Health, Inc. (formerly Express Scripts Holding Co.), Express Scripts, Inc., Express Scripts Administrators, LLC, ESI Mail Pharmacy Service, Inc. Express Scripts Pharmacy, Inc., Medco Health Solutions, Inc. (together, "Express Scripts"), and OptumRx, Inc.

[5] Plaintiffs in the *California* and *Puerto Rico* related actions filed briefs opposing centralization before their actions were remanded to state court. California also suggested that, even if its action proceeds separately in state court, the Central District of California should be the transferee district.

the law of more than one state." *See In re CVS Caremark Corp. Wage and Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010).

We have considered the parties' arguments in support of informal coordination and find, on this record, that it does not provide a workable solution. The various arguments in support of informal coordination were premised on the involvement of few actions and few counsel in the litigation – with many parties noting that the state plaintiffs in all five actions on the motion are represented by the same outside counsel. But there are presently at least eight potential tag-along actions involving five additional groups of non-overlapping plaintiffs' counsel, not counting the plaintiffs' counsel in the New Jersey Insulin Pricing Actions. Additionally, each manufacturer and PBM group has different national lead counsel – six different defense counsel in total. And including potential tag-along actions, the actions are now pending in eleven districts. We also observe that this litigation involves unusually complex issues concerning an alleged multilateral, industry-wide conspiracy that revolves around a long history of rebate agreements and multitiered pricing practices for numerous insulin products. The large number of districts and plaintiffs' and defense counsel, combined with the complexity of the issues, likely will pose significant obstacles to informal coordination. Informal coordination also appears unlikely to address the risk of inconsistent rulings.

Although all actions on the motion before us are state *parens patriae* actions, we received extensive briefing and oral argument on whether the MDL should include actions brought by other states, counties, and private entities. The core factual issues in these related actions are the same as in the state actions on the motion and name the same insulin manufacturers and PBMs as defendants. Discovery and pretrial motions undoubtedly will overlap among these related actions despite the allegedly unique legal claims they assert.[6] Additionally, the Panel often has recognized that many of the objections raised by the parties – for example, pending motions for remand to state court and procedural differences between individual and class claims – are no obstacle to transfer as such matters routinely are managed by the transferee judge. Thus, we intend to include related governmental and private actions concerning the alleged insulin pricing scheme in the MDL through the conditional transfer order process.[7]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions concerning an alleged scheme between insulin manufacturers and pharmacy benefit managers to artificially and fraudulently inflate the price of insulin and other diabetes medications,[8] and involve the same alleged participants – namely,

---

[6] The potential tag-along actions, like the actions on the motion, assert claims for unjust enrichment, civil conspiracy, and violation of state consumer protection laws. Some actions also assert violation of the Racketeer Influenced and Corrupt Organizations Act and state antitrust law.

[7] The parties will have an opportunity to object to transfer of their actions after the CTO is issued. *See* Panel Rule 7.1.

[8] The non-insulin medications at issue in the actions on the motion are Ozempic, Victoza, Trulicity,

insulin manufacturers Eli Lilly and Company, Novo Nordisk, Inc., and Sanofi-Aventis U.S. LLC, and, on the PBM side, CVS Caremark, Express Scripts, Optum Rx, and their various corporate affiliates. The central factual allegations in support of the alleged insulin pricing scheme are the same in all actions: the insulin manufacturers negotiate with and pay secret rebates to PBMs to ensure preferential treatment of their insulin and diabetes medications on covered drug lists known as formularies, they arbitrarily raise the list prices for the products to cover these payments, and, as a result, the published list price of the drugs are fraudulent, in contrast to reflecting legitimate market forces. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

After weighing all factors, we have selected the District of New Jersey as the transferee district for this litigation. Selection of this district enables us to assign this litigation to the Honorable Brian R. Martinotti, who presides over the three most advanced actions concerning the alleged insulin pricing scheme. His familiarity with the issues in this litigation will serve to maximize the efficient conduct of pretrial proceedings.[9] This is particularly true considering that he presides over a proposed nationwide settlement with one of the defendants that allegedly will impact plaintiffs' claims in this MDL. Additionally, two of the three manufacturer defendants have their headquarters in this district; thus, common evidence likely will be located there. Judge Martinotti is an experienced transferee judge with the willingness and ability to manage this litigation efficiently. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Brian R. Martinotti for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
Roger T. Benitez  Dale A. Kimball
Madeline Cox Arleo

---

and Soliqua, which movants describe as glucagon-like peptide-1 receptor agonists, or "GLP-1" drugs. The complaints allege that Novo Nordisk makes Ozempic and Victoza; Eli Lilly makes Trulicity; and Sanofi-Aventis makes Soliqua.

[9] We take no position on whether the New Jersey Insulin Pricing Actions should be formally included in the MDL given the advanced posture of those actions. We leave this decision, and all matters related to the conduct of pretrial proceedings, to the discretion of the transferee court.

IN RE: INSULIN PRICING LITIGATION                                  MDL No. 3080

## SCHEDULE A

<u>Eastern District of Arkansas</u>

GRIFFIN v. ELI LILLY AND COMPANY, ET AL.,
  C.A. No. 4:22−00549

<u>Northern District of Illinois</u>

THE STATE OF ILLINOIS v. ELI LILLY AND COMPANY, ET AL.,
  C.A. No. 1:23−00170

<u>District of Kansas</u>

THE STATE OF KANSAS v. ELI LILLY AND COMPANY, ET AL.,
  C.A. No. 5:23−04002

<u>Southern District of Mississippi</u>

THE STATE OF MISSISSIPPI v. ELI LILLY AND COMPANY, ET AL.,
  C.A. No. 3:21−00674

<u>District of Montana</u>

THE STATE OF MONTANA, ET AL. v. ELI LILLY AND COMPANY, ET AL.,
  C.A. No. 6:22−00087